

**IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION**

**EDWIN PENNINGTON**                                          **PLAINTIFF**

**VS.**                                    **CASE NO.:** 3:16-cv-210 HTW-LRA

**FOUNTAIN CONSTRUCTION CO., INC.
and JAMES B. FOUNTAIN, INDIVIDUALLY**                **DEFENDANTS**

---

### VERIFIED COMPLAINT & DEMAND FOR JURY TRIAL

---

COMES NOW Plaintiff Edwin Pennington (hereinafter "Plaintiff"), by and through counsel of record, and files this Complaint against his former employers, FOUNTAIN CONSTRUCTION CO., INC., (hereinafter "Fountain Construction") and James B. Fountain, Individually (hereinafter "Fountain") (collectively referred to as "Defendants") for unpaid overtime compensation, liquidated damages, declaratory relief and other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. §216(b) (the "FLSA"), and in support thereof states as follows:

### NATURE OF SUIT

1.      The FLSA was passed by Congress in 1938.  The principal Congressional purpose in enacting the FLSA was to protect all covered workers from substandard wages and oppressive working hours, labor conditions that are detrimental to maintenance of minimum standards of living necessary for health, efficiency, and general well-being of workers. *Barrentine v. Arkansas-Best Freight System, Inc.*, 450 U.S. 728, 739, 101 S.Ct. 1437, 1444 (1981).  The liquidated damage provision of the FLSA constitutes a Congressional recognition that failure to pay statutory minimum on time may be so detrimental to maintenance of minimum standard of living necessary for health, efficiency, and general well-being of workers and to the free flow of

commerce, that double payment must be made in event of delay in order to insure restoration of worker to that minimum standard of well-being. *Brooklyn v. Sav. Bank v. O'Neil*, 324 U.S. 697, 707-08, 65 S.Ct. 895, 902 (1945).

2.   This action is brought under the FLSA to recover overtime compensation, liquidated damages, and reasonable attorneys' fees and costs from Defendants.

3.   Additionally, Plaintiff seeks a declaration of rights pursuant to Rule 57, Fed.R.Civ.P., and the Federal Declaratory Judgment Act ("DJA"), 28 U.S.C. §2201.

<u>**JURISDICTION AND VENUE**</u>

4.   Jurisdiction is proper as the claims are brought pursuant to the FLSA to recover unpaid back wages, an additional equal amount as liquidated damages, obtain declaratory relief, and reasonable attorney's fees and costs.

5.   This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §1337 and the FLSA, 29 U.S.C. §216(b).

6.   Venue is proper in this Court because Plaintiff either worked for Defendants within this District during the relevant time period subject to this Complaint, Defendants maintained a business operation with the District, or because a substantial part of the events and/or omissions giving rise to the claims asserted herein arose in a substantial part within this District.

7.   The Court has the authority to grant declaratory relief pursuant to the FLSA and the Federal Declaratory Judgment Act ("DJA"), 28 U.S.C. §§ 2201-02.

## PARTIES

8.      Plaintiff, Edwin Pennington, worked as a crane and heavy duty equipment operator and performed construction related activities for Defendants in and around Jackson and Laurel, Mississippi as well as other locations.

9.      Defendant, Fountain Construction, is a company that operates and conducts business in and around Hinds County, Mississippi.  It is headquartered at 5655 Highway 18 in Jackson, Mississippi 39212.

10.      Defendant, James B. Fountain, is an individual who, upon information and belief, lives and resides in the State of Mississippi, and conducts business in Hinds County, Mississippi.

11.      At all times relevant to this action, James B. Fountain is an individual resident of the State of Mississippi, who is President of and owns and operates Fountain Construction Co., Inc., and who regularly exercised the authority to: (a) hire and fire employees of Fountain Construction Co., Inc.; (b) determine the work schedules for the employees of Fountain Construction Co., Inc.; and (c) control the finances and operations of Fountain Construction Co., Inc.; and, by virtue of having regularly exercised that authority on behalf of Fountain Construction Co., Inc., James B. Fountain is an employer as defined by 29 U.S.C. §201, *et seq.*

## COVERAGE

12.      At all material times hereto (2013 – 2016), Plaintiff was an "employee" within the meaning of the FLSA.

13.      At all material times hereto (2013 – 2016), Defendants were the "employer" of Plaintiff within the meaning of the FLSA.

14.      At all material times hereto (2013 – 2016), Plaintiff was "engaged in commerce" within the meaning of §6 and §7 of the FLSA.

15.    At all material times hereto (2013 – 2016), Defendants, Fountain Construction Co., Inc. and James B. Fountain are, and continue to be, an "enterprise engaged in commerce" and an enterprise engaged in the "production of goods for commerce" within the meaning of the FLSA.

16.    At all material times hereto (2013 – 2016), Defendant, Fountain Construction Co., Inc. is an enterprise covered by the FLSA, and as defined by 29 U.S.C. § 203(r) and 203(s).

17.    Based upon information and belief, Defendants earned gross revenues of at least Five Hundred Thousand and 0/100 dollars ($500,000.00) per annum at all material times hereto (2013 - 2016).

18.    At all material times hereto (2013 – 2016), Defendants employed two (2) or more employees engaged in interstate commerce in that said enterprise has had two (2) or more employees engaged in commerce or in the production of goods for commerce, or employees handling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person such as office supplies, tools and equipment, etc.

19.    At all material times hereto (2013 – 2016), Plaintiff was "engaged in commerce" and subject to individual coverage under the FLSA in that they:

        a.    Operated instrumentalities of commerce;

        b.    Transported goods in commerce;

        c.    Used channels of commerce;

        d.    Communicated across state lines; and/or

        e.    Performed work essential to any of the preceding activities.

20.    At all material times hereto (2013 – 2016), the work performed by Plaintiff was directly essential to the business performed by Defendants.

21.     At all material times hereto (2013 – 2016), Defendants failed to comply with 29 U.S.C. §§ 201-209, because Plaintiff performed services for Defendants for which no provisions were made by Defendants to properly pay Plaintiff for those hours worked in excess of forty (40) within a work week.

22.     Defendants and its officers and agencies are responsible under the United States Constitution, federal law, and regulations for the establishment and administration of personnel, employment and compensation policies and practices and for applying to Plaintiffs the provisions of the FLSA and other applicable federal pay and compensation statutes and regulations.

23.     Upon information and belief, a complete set of records, to the extent that any exist, concerning the number of hours worked by Plaintiff and amounts paid to Plaintiff are in the possession, custody and control of Defendants.

## FACTUAL ALLEGATIONS

24.     Plaintiff reincorporates and readopts by reference the above paragraphs as fully set forth herein.

25.     Defendants operate a commercial construction company that provides services to its clients in Mississippi.

26.     Defendants earned at or above Five Hundred Thousand and 0/100 dollars ($500,000.00) in annual gross sales or business during the relevant time period subject to Plaintiff's Complaint.

27.     Plaintiff, Edwin Pennington, worked for Defendants primarily as a heavy duty equipment operator from approximately May 6, 2013 through July 31, 2015.

28.     Plaintiff was classified as a non-exempt employee by Defendants and was paid by the hour at a regular rate of $27.00 per hour.

29.     Plaintiff routinely worked over forty (40) hours in a given workweek; however, he was not compensated at a rate of time and one-half for those overtime work hours.

30.     Specifically, Defendants failed to credit and compensate Plaintiff for all overtime hours worked in a given workweek.

31.     In April of 2015, Defendants assigned Plaintiff to work on a construction project being performed in Laurel, Mississippi (hereinafter the "Laurel Project").

32.     As a part of Plaintiff's duties on the Laurel Project, Defendants required Plaintiff to report for duty at its headquarters in Jackson as early as four in the morning (4 a.m.) so that he could haul equipment and fuel to the construction site in Laurel.

33.     Plaintiff performed work at the site as well before returning to Defendants' headquarters in Jackson, sometimes as late as six in the evening (6 p.m.).

34.     Plaintiff was required to routinely work approximately fourteen (14) hour days while taking part in the Laurel Project.

35.     Despite working approximately fourteen (14) hour days, Defendants' only credited and compensated Plaintiff for working eight (8) hours each day.

36.     Defendants' deliberate actions of failing to credit Plaintiff for all hours worked deprived Plaintiff of overtime compensation that he earned.

37.     Defendants knowingly, willfully, or with reckless disregard carried out its illegal pattern or practice of failing to pay proper overtime compensation with respect to Plaintiff.

38.     Defendants knowingly and willfully failed to fulfill its record keeping requirements with regard to Plaintiff under 29 C.F.R. 516.

39.     Defendants did not act in good faith or reliance upon any of the following in formulating its pay practices: (a) case law, (b) the FLSA, 29 U.S.C. § 201, *et seq.*, (c) Department of Labor Wage & Hour Opinion Letters or (d) the Code of Federal Regulations.

**COUNT I - RECOVERY OF OVERTIME COMPENSATION AGAINST DEFENDANTS**

40.     Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-39 above.

41.     Plaintiff is entitled to be paid time and one-half his regular rate of pay for each hour worked in excess of forty (40) hours per workweek.

42.     During his employment with named Defendants, Plaintiff regularly worked overtime hours but was not paid time and one half compensation for same.

43.     In addition, Defendants did not maintain and keep accurate time records as required by the FLSA for Plaintiff.

44.     Defendants acted with direct control over the work, pay, and job duties of Plaintiff.

45.     Defendants supervised and controlled Plaintiff's work schedule and/or conditions of employment.

46.     Defendants determined Plaintiff's rate and method of payment.

47.     Also, Defendants failed to post required FLSA informational listings as required by the FLSA for Plaintiff.

48.     As a result, Defendants' intentional, willful, and unlawful acts in refusing to pay Plaintiff time and one half his regular rate of pay for each hour worked in excess of forty (40) per work week in one or more work weeks, Plaintiff has suffered damages plus incurring reasonable attorneys' fees and costs.

49.    As a result of Defendants' willful violation of the FLSA, Plaintiff is entitled to liquidated damages.

50.    Plaintiff demands judgment against Defendants for the payment of all overtime hours at one and one-half times the regular rate of pay for the hours worked by him for which Defendants did not properly compensate him, liquidated damages, or if liquidated damages are not awarded then prejudgment and post-judgment interest at the highest allowable rate, reasonable attorneys' fees and costs incurred in this action, and any and all further relief that this Court determines to be just and appropriate.

51.    Plaintiffs demand a trial by jury.

## COUNT II - DECLARATORY RELIEF AGAINST DEFENDANTS

52.    Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-39 above.

53.    Plaintiff and Defendants have a Fair Labor Standards Act dispute pending, which the Court has jurisdiction to hear pursuant to 28 U.S.C. §1331, as a federal question exists

54.    The Court also has jurisdiction to hear Plaintiff's request for declaratory relief pursuant to the Declaratory Judgment Act, 28 U.S.C. §§2201-2202

55.    Plaintiff may obtain declaratory relief.

56.    Plaintiff was individually covered by the FLSA.

57.    Defendants failed to pay Plaintiff for all the hours worked.

58.    Plaintiff is entitled to overtime pursuant to 29 U.S.C. §207(a)(l).

59.    Defendants did not keep accurate time records pursuant to 29 U.S.C. §211(c) and 29 C.F.R. Part 516.

60.    Defendants did not rely on a good faith defense.

61.     Plaintiff is entitled to an equal amount of liquidated damages.

62.     It is in the public interest to have these declarations of rights recorded.

63.     Plaintiff's declaratory judgment action serves the useful purpose of clarifying and settling the legal relations in issue.

64.     The declaratory judgment action terminates and affords relief from uncertainty, insecurity, and controversy giving rise to the proceeding.

65.     Plaintiff demands a trial by jury.

WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully requests that judgment be entered in his favor against Defendants:

a.   Declaring, pursuant to 29 U.S.C. §§2201 and 2202, that the acts and practices complained of herein are in violation of the maximum hour provisions of the FLSA;

b.   Awarding Plaintiff overtime compensation in the amount due to him for Plaintiff's time worked in excess of forty (40) hours per workweek;

c.   Awarding Plaintiff liquidated damages in an amount equal to the overtime award;

d.   Awarding Plaintiff reasonable attorneys' fees and costs and expenses of the litigation pursuant to 29 U.S.C. §216(b);

e.   Awarding Plaintiff pre-judgment interest;

f.   Ordering any other further relief the Court deems just and proper.

## JURY DEMAND

Plaintiff demands trial by jury on all issues so tribal as a matter of right by jury.

DATED, this the 24th day of March, 2016.

Respectfully Submitted,

**EDWIN PENNINGTON, PLAINTIFF**

**CHRISTOPHER W. ESPY, ESQ.**

Christopher W. Espy, Esq. (MSB#: 102424)
MORGAN & MORGAN. PLLC
188 East Capitol Street, Suite 777
Jackson, Mississippi 39211
Phone: 601-718-2087
Fax:    601-718-2102
Email: cespy@forthepeople.com

**ATTORNEY FOR PLAINTIFF**

I, Edwin Pennington, declare under penalty of perjury, pursuant to 28 U.S.C. § 1746 that

the factual allegations in this Complaint are true and correct based on my personal knowledge.

Date: 3/22/16

**EDWIN PENNINGTON
PLAINTIFF**